```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDDIE JOHNSON,

                    Plaintiff,                              **MEMORANDUM & ORDER**

        - against -                                         07-CV-79 (RRM) (ARL)

THE COUNTY OF NASSAU, THE SHERIFF'S
DEPARTMENT OF NASSAU COUNTY,
CORRECTION OFFICERS JOHN DOES 1-5,
and SHERIFF EDWARD REILLY,

                    Defendants.
----------------------------------------------------------X
MAUSKOPF, United States District Judge.
```

Pursuant to a telephone conference had on the record today, April 24, 2009, plaintiff withdraws his motion to amend the complaint (Docket No. 59) and consents to the dismissal of all of his federal claims against all defendants. The exclusive basis for federal jurisdiction having been voluntarily dismissed, the court now considers the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's remaining state law negligence claims. Plaintiff expressed no preference as to his choice of forum, asserting that he could proceed with his claims either before this or the state court. Defendants argue that this court should exercise jurisdiction because discovery here is complete, and plaintiff should not be accorded the opportunity of requesting additional discovery from the state court.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides in relevant part that "(c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." The Second Circuit has stated that, "[w]hen . . . a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by

considering several related factors—judicial economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996)). Furthermore, the Court of Appeals has held that, where all federal claims have been dismissed prior to trial, any remaining state claims should generally be dismissed as well. *Id.* (citing *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)). However, when "the dismissal of the federal claim occurs 'late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (quoting 28 U.S.C.A. § 1367, Practice Commentary (1993) at 835).

Here, plaintiff's only remaining claims are state law negligence claims asserted against the County of Nassau, its Sheriff, Edward Reilly, the Sheriff's Department of Nassau County, and five unnamed Nassau County Correction Officers.[1] While discovery on these claims has been completed, trial has not been scheduled, nor have dispositive motions been filed. *See Murray v. Visiting Nurse Svcs. of N.Y.*, 528 F. Supp. 2d 257, 280–81 (S.D.N.Y. 2007) (declining to exercise supplemental jurisdiction over state law claims after plaintiff's federal claims were dismissed on summary judgment). Defendants' argument that this Court should exercise jurisdiction over

---

[1] Defendants argued in their opposition to plaintiff's motion to amend that the Sheriff's Department is not a suable entity under New York law. (Docket No. 60 at 2–3.) They also argued that plaintiff should not be able to substitute named Correction Officers for the John Doe defendants because the statute of limitations as to these defendants had expired. (*Id.* at 3.) Because plaintiff withdrew his motion, this Court need not rule on these objections, and does not.

plaintiff's state law claims to prevent plaintiff from obtaining additional discovery is wholly unavailing. Should it be necessary, defendant is free to argue before the state court that additional discovery is unwarranted. Given that plaintiff's remaining claims are squarely rooted in state common law, and his federal claims are dismissed prior to trial and not late in this action, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See generally id.* (collecting cases). Accordingly, plaintiff's complaint is DISMISSED in its entirety. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 24, 2009

/s/ RRM_____
ROSLYNN R. MAUSKOPF
United States District Judge

3